## McCANN, et al. v. BLANKENSHIP
### Case No. 84-1403-CC-12
County Court, Volusia County

August 3, 1984

### APPEARANCES OF COUNSEL

**Richard R. Cook** for plaintiff.

**Bruce A. Hochstetler** for defendant.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

THIS CAUSE came on to be heard for trial before the Court without the intervention of a jury, and the Court having heard the testimony of the parties and their witnesses and the exhibits entered into evidence finds as follows:

The plaintiff, an owner of a condominium apartment, rented same to the defendant and his family consisting of his wife and two minor

children. The condominium apartment was subject to the rules and regulations of the Winchester Manor Association, a condominium association, which rules among other things provided that occupancy of each apartment shall be limited to adults only.

At the time of the rental between the plaintiff and the defendant, the plaintiff assured the defendant that he would have no problem concerning the occupation of the apartment with his family consisting of said minor children, and that the plaintiff would take care of the matter.

However, the plaintiff made no effort to have the "adults only" provision waived by the association and as a matter of fact it was testified that the association, at its regular meeting instructed the manager of the condominium complex to notify the plaintiff, that he was in violation of the rules of the association.

The defendant, unsecure as to his status in the condominium apartment and also being advised that he was in violation of the rules against children occupying apartments in the condominium, withheld payment to the plaintiff for rent for the months of March and April until his status as a tenant in the condominium complex was assured.

When nothing further was done by the plaintiff, the defendant and his family moved out of the condominium apartment and secured living accommodations elsewhere.

The plaintiff sued the defendant for two months' rent and the defendant answered and alleging in substance, constructive eviction, thereby relieving him of any past due rent.

### LAW

A "constructive eviction" is done with the express or implied intent of essentially interfering with the tenants' use and enjoyment of the premises. It can constitute a breach of the covenant of quiet enjoyment implied in a lease. *Richards v. Dodge,* 150 So.2d 477.

The Court finds that the plaintiff by leasing his condominium apartment to the defendant, knowing full well that the defendant had a family consisting of himself, his wife and two minor children and knowing full well that this rental was in violation of the condominium rules and having failed to remedy the situation violated the defendant's right to quiet enjoyment and constituted a constructive eviction.

However, in order to assert the defense of constructive eviction, the defendant must abandon the premises within a reasonable time after the landlords' wrongful acts. *Bass v. Wollitz,* 384 So.2d 704.

The Court finds that the defendant did abandon the premises within

a reasonable time after notice to the plaintiff. (See Plaintiff's exhibit number 3, defendant's letter to plaintiff dated April 5, 1984)

Here the defendant abandoned the premises within a month after the notice, whereas in *Bass v. Wollitz,* supra, the tenant remained in possession for four years after the constructive eviction, and in *Richards v. Dodge,* supra, the tenant failed to give timely notice.

In summary, the Court finds that there was a constructive eviction, there was notice and there was timely abandonment on the part of the defendant, thus sustaining his defense of constructive eviction.

With reference to the defendant's counter-claim against the plaintiff the Court finds that the defendant did expend additional sums in securing another apartment for which the plaintiff is liable as a result of the plaintiff's breach of his covenant of quiet enjoyment, in the amount of $150.00

IT IS THEREFORE

ORDERED AND ADJUDGED that the plaintiff take nothing by this suit and that the defendant go hence without day, and it is further

ORDERED AND ADJUDGED that the defendant recover from the plaintiff on his counter-claim, the sum of $150.00 and it is further

ORDERED AND ADJUDGED that the Court reserves jurisdiction to award reasonable attorney's fees to the defendant as the prevailing party in this landlord and tenant action.